J. Irwin Shapiro, J.
The defendants moved to .suppress the Polaroid camera mentioned in the indictment. A hearing was *991 ordered. After the taking of testimony, the hearing was adjourned on two separate occasions to afford the District Attorney an opportunity to submit a memorandum of law. At the last appearance of the parties before the court, the District Attorney consented to the suppression sought by the defendants and the camera was thereupon ordered suppressed as evidence.
The trial of the defendants commenced last week before another Justice of this court and the People, by order to show cause, have asked to be relieved of their consent and for a denial of the defendants’ motion to suppress.
After hearing argument on this rather unusual motion and because the trial is in suspension awaiting my determination of this application, I immediately passed upon the application by relieving the District Attorney of his consent to the suppression, and I thereupon forthwith denied the motion to suppress, at the same time stating that I would hand down an opinion setting forth the reasons for my determination.
Shortly after a burglary occurred in Queens County, which is the subject matter of the indictment against the four defendants here, but in a matter entirely unconnected therewith, the police, pursuant to a search warrant, made a search of the apartment of one ¡Stanley Barth in Brooklyn. The property described in the warrant was narcotic drugs which, upon the search, were actually found and seized. In the course of the search, the police observed a Polaroid camera. They noted its serial number and left the apartment. From the outside, they made a number of telephone calls and ascertained that the camera had ¡been stolen in a Queens County burglary which is now the subject matter of the indictment against these defendants. They thereupon returned to Barth’s apartment and seized it.
The District Attorney’s consent to the suppression was apparently predicated upon the theory that the defendants had the required standing to raise the question of the propriety of the seizure of the camera under a search warrant which listed only narcotics. The District Attorney now contends that the camera should not have been suppressed because under the circumstances here present these defendants had no standing to make such a motion. He asserts that his consent was based upon an erroneous conception of the law and that in the interests of justice he should be permitted to withdraw that consent and that upon the undisputed facts the defendants’ motion to suppress should be denied.
If the District Attorney erred in consenting to a suppression on the thesis that these defendants had the standing to move to suppress the camera when that is legally not the fact, he *992 should he permitted to withdraw that consent and rectify his error. The administration of the criminal law is not a game of wits nor is it a chess game where a move, once taken, may not be corrected even though the position of the other side has not been changed or prejudiced. Upon the argument of this motion, counsel for one of the defendants contended that his trial strategy might have been different if the camera had not originally been suppressed as evidence. I can only reiterate what I then said — that that is a contention to be addressed to the trial court on a motion for a mistrial if the determination here has disadvantaged defendant in his trial procedures.
Thus, the real question here is not whether the District Attorney should be granted permission to withdraw his consent but whether on the law and facts defendants here have standing to move to suppress the camera. I therefore address myself to that issue.
The question of standing has not been definitively ruled upon by our appellate courts and there is a conflict thereon in the various jurisdictions.
Our Code of Criminal Procedure, section 813-c provides: “ A person claiming to be aggrieved by an unlawful search and seizure and having reasonable grounds to believe that the property * * * claimed to have been unlawfully obtained may be used as evidence against him in a criminal proceeding may move for the return of such property or for the suppression of its use as evidence.” (Emphasis supplied.)
In interpreting the provisions of that statute, Mr. Justice Sobbl, in People v. Smith (35 Misc 2d 533) and again in People v. Estrada (44 Misc 2d 452), held that the sole test of standing to move to suppress is whether what was seized may be used in evidence in a criminal proceeding against the person objecting to the seizure. The rationale for so holding was the construction the learned Justice placed upon the phrase in the statute reading ‘ ‘ A person claiming to be aggrieved by an unlawful search and seizure ”.
I do not agree with that construction. The statute reads in the conjunctive. As I read it, two elements must be present to provide a person with standing to make a motion to suppress. He must not only be one who has “reasonable grounds to believe that the property # * * may be used as evidence against him in a criminal proceeding ” but he must also be “ [a] person claiming to be aggrieved by an unlawful search and seizure ”. Thus construed, the person “ aggrieved by an unlawful search and seizure ” is the one whose right to privacy guaranteed by the Fourth Amendment to the United States Constitution, has *993 been violated by an unlawful intrusion and, in addition, is in a position where property thus unlawfully seized may be used against him in a criminal proceeding. If the Legislature had intended to confer the right upon any defendant to move for a suppression where property illegally seized from another might be used as evidence against him, it could very easily have ddne so by using the disjunctive “or” in place of the conjunctive “ and ”. It did not do so. I am somewhat further fortified in my conclusion by an analysis of the second paragraph of code section 813-c which reads: “ If the motion is granted, the property shall be restored unless otherwise subject to lawful detention, and in any event it shall not be admissible in evidence in any criminal proceeding against the moving party ’ \
The words “ the property shall be restored followed by the words that it shall not in any event ‘ ‘ be admissible in evidence in any criminal proceeding against the moving party”, would seem clearly to indicate that persons in the position of these defendants cannot avail themselves of the right to obtain a suppression for certainly they are not entitled to the restoration to them of the Polaroid camera which is here sought to be suppressed. Under the factual pattern of this case, the statute can only mean that the property shall be restored to the person from whose possession it was taken and in this case he is not before the court. Thus, while not in and of itself conclusive, it would seem to follow that the sense of the section is not to sanction suppression at the behest of a stranger to the “ unlawful search and seizure ” or, as the court phrased it in Jones v. United States (362 U. S. 257, 261): “ In order to qualify as a 1 person aggrieved by an unlawful search and seizure ’ one must have been the victim of a search or seizure, one against whom the search was directed, as distinguished from one who claims prejudice only through the use of evidence gathered as a consequence of a search or seizure directed at someone else.”
And as the court further said in that case (p. 261): “ Ordinarily, then, it is entirely proper to require of one who seeks to challenge the legality of a search as a basis for suppressing relevant evidence that he allege, and if the allegation be disputed, that he establish, that he himself was the victim of an invasion of privacy.”
In United States v. Williams (219 F. Supp. 666, 673, affd. 336 F. 2d 183, cert. den. 379 U. S. 827, sub nom. Watson v. United States) the court said: “ Even assuming,, however, that the search of the apartment was unlawful, Watson was not in the apartment before his arrest. He, therefore, has no standing to assert that the evidence (including the statement obtained *994 from Williams) was discovered in violation of his constitutional rights [citing cases].”
In Wong Sim v. United States (371 U. S. 471), the court intimated that an unlawful arrest of one defendant does not necessarily nullify a subsequent apprehension and search of a second defendant based only upon information obtained as the result of the first arrest. Said the court (pp. 487-488): “ We need not hold that all evidence is ‘ fruit of the poisonous tree ’ simply because it would not have come to light but for the illegal actions of the police.”
. In that case the Federal narcotics agents had unlawfully arrested defendant Toy, who denied his guilt and informed them that a man known to him as “ Johnny ” “ kept a piece ’ ’ of heroin (p. 474). As a result of that information, one Johnny Yee was picked up at the house described by Toy along with some heroin. Yee inculpated one Wong Sun as the seller. The Federal agents went to Wong Sun’s house and there took him into custody. Although the court held that Toy’s arrest was illegal and, therefore, he was in a position to suppress evidence that was directly seized from Yee, it concluded that the third party, Wong Sun, was not in a position to assert the illegal arrest of Toy and the concomitant seizure of heroin from Yee as a foundation upon which to suppress its introduction against him. In this connection the court said (pp. 491-492): “We must then consider the admissibility of the narcotics surrendered by Yee. Our holding, supra, that this ounce of heroin was inadmissible against Toy does not compel a like result with respect to Wong Sun.” iSee, also, to-the same general effect: Goldstein v. United States (316 U. S. 114); People v. Price (15 N Y 2d 806); People v. Lane (10 N Y 2d 347, 353); People v. De Grandis (16 AD 2d 834).
If, as I believe, the defendants had no status (standing) to. claim the protection of Barth’s rights under the Constitution, they are not, in the eyes of the law, persons aggrieved by an unlawful search and seizure and there is therefore no valid reason for suppressing the fruits of that search and thereby excluding it as evidence against them. Applied to the facts of this case, it simply means that the seizure of the camera in possible violation of the constitutional rights of a third person (Barth), does not call for its exclusion from evidence. (8 Wigmore, Evidence [3d ed.], § 2184a.)
Short-form order denying the motion to suppress and relieving the District Attorney of his prior consent thereto signed and entered.