Van Voobhis, J.
The defendants appeal from affirmances of judgments convicting them of burglary in the third degree (two counts), grand larceny in the first degree and grand larceny in the second degree. A camera taken during one of the burglaries for which the appellants were convicted was found in the apartment of one Barth when a search for narcotics was made under a search warrant of Barth’s premises. The assistant district attorney consented to the suppression of the camera after a hearing of a motion to suppress. After the trial commenced, the assistant district attorney asked to be relieved of the consent and for denial of the motion to suppress. The People were relieved of that consent, and the motion to suppress was denied upon the ground that the defendants had no standing to challenge the validity of the seizure of the camera from Barth’s apartment since the defendants’ rights of privacy had not been violated (opn. by Shapero, J., 45 Misc 2d 990). Barth testified at the trial that the defendants brought the camera and other items to his apartment.
The Appellate Division affirmed without opinion (28 A D 2d 694).
The appellants argue that it was error to refuse to charge that Barth was an accomplice as a matter of law and that his testimony therefore required corroboration under section 399 of the Code of Criminal Procedure or, at least, to charge that *255 the jury could find Barth to have been an accomplice; that it was improper to revoke the order suppressing evidence, and that revoking it during the trial was unfair and deprived the defendants of a fair trial; that the refusal to charge that the jury must find the confessions were voluntary deprived the defendants of their constitutional right to trial by jury.
On Saturday evening, February 29,1964, $700 in cash, jewelry and a Polaroid J66 Land Camera were taken in a burglary from the premises of William Mendolia, 61-12 69th Lane, Middle Village, Queens. Upon the same evening binoculars, two television sets and liquor were abstracted from the second floor apartment at the same address occupied by Thomas Simonetti.
On the following Monday, March 2, 1964, a detective entered an apartment at 1508 DeKalb Avenue, Brooklyn, occupied by Barth and family, pursuant to a search warrant directing him to search that apartment for narcotics and narcotics instruments. After finding narcotics instruments in the kitchen they continued searching the apartment, and in the bureau drawer belonging to one of Barth’s three children they found the Polaroid camera which had been stolen from Mendolia’s home. This camera proved to have been sold by defendant Russo to Barth for $32.
Barth was a heroin addict. He had known defendant Russo previously and testified to having seen him together with defendants Josephs, Cefaro and a former codefendant named Kherkoven at between 11:00 p.m. and midnight on the night of the burglary when the four of them arrived at his apartment with the various articles that had been stolen from the premises of Mendolia and Simonetti. Detective Thomas Curran testified that he investigated the Mendolia and Simonetti burglaries, observed five panes of glass in the rear of the house broken and a casement window forced, and that he obtained a hat belonging to Russo which was found at the Mendolia residence. Russo admitted that it was his hat and that he was wearing it on February 29, 1964. Russo admitted that on that date he was with Kherkoven, Josephs and Cefaro and that they went to a place in Queens where he and Cefaro entered a house and committed a burglary.
On questioning by Curran, the appellant Josephs stated that on February 29, 1964 he was in a car owned by Kherkoven, *256 that he, Kherkoven, Russo and Cefaro had gone to a place in Queens, that Josephs and Kherkoven stayed in the car while Russo and Cefaro left the car, went into the house and returned a short time later with certain articles. Josephs said that he and Kherkoven were “ lookouts ”.
Detective Curran questioned Cefaro who said that he had gone to Queens with Russo, Josephs and Kherkoven on the date in question between the hours of 7:30 and ll.:40 p.m. He denied participation in a burglary and denied going to Barth’s house.
There was no evidence that these confessions or admissions were involuntary and no requests or exceptions to the court’s failure to charge the jury concerning the voluntariness of these admissions were made on behalf of appellants Cefaro or Russo. The only request to charge the jury as to voluntariness was made on behalf of appellant Josephs and this was declined by the court.
None of the defendants took the stand.
No point is made that defendants were not proved guilty beyond a reasonable doubt, at least unless Barth was an accomplice and required corroboration under section 399 of the Code of Criminal Procedure. The argument is that Barth could have been convicted on the burglary and grand larceny counts by reason of his having been found in recent and exclusive possession of the stolen goods (People v. Foley, 307 N. Y. 490; People v. Roman, 12 N Y 2d 220). The rule requires also that the possession be unexplained, however, and Barth could hardly have been convicted of other crimes than being a receiver of stolen property on his testimony and the statements of Cefaro, Josephs, Russo and Kherkoven which were all to the effect that he had nothing to do with the burglary and larceny but merely bought the camera knowing it to have been stolen, and allowed the others to bring what they had stolen into his apartment. He was not at the scene of the burglaries and knew nothing about them beforehand. It was not error to have declined to charge the jury that they could have found him an accomplice in the burglary and larceny or that he was an accomplice as matter of law. The crimes of larceny and receiving 'are mutually exclusive (People v. Kupperschmidt, 237 N. Y. 463, 465).
*257 The principal contention of appellants is that the camera should have remained suppressed for the reason that it was not specified in the search warrant of Barth’s premises. The camera could not, of course, have been utilized as evidence against Barth on a charge of receiving stolen property. That is a different matter, however, from using it as evidence in support of the burglary and larceny charges against Cefaro, Josephs and Russo. It was not found in their apartments, and they were not persons aggrieved by the search and seizure in somebody else’s premises. There was no evidence here paralleling that in People v. McDonnell (18 N Y 2d 509) where a telephone wiretap was installed in premises that were actually being maintained and used for the defendant’s benefit. The recent decision in Katz v. United States (389 U. S. 347) does not purport to overrule Goldstein v. United States (316 U. S. 114), Jones v. United States (362 U. S. 257, 261), Wong Sun v. United States (371 U. S. 471) or the other decisions cited in the opinion herein by Justice Shapiro (at 45 Misc 2d 990) holding that a stranger has no standing to assert that evidence in another’s house or premises has been seized unlawfully against the owner or tenant of the premises. If Cefaro, Josephs or Russo had been present in Barth’s apartment when the search was made and the camera had been taken from the possession of one of them, he might well have had standing to apply to have its use suppressed in support of criminal charges against him.
The judgments appealed from should be affirmed.