Breitel, J. (dissenting).
I am constrained to dissent on two separate grounds, each of which requires a reversal of the convictions and the granting of a new trial.
The first is that, without any authority in the statute for such procedure, in the middle of the trial, the prosecutor was permitted to interrupt for the purpose of making a motion to vacate a pretrial order of suppression. While the trial was suspended the order was vacated and the suppressed evidence was thereafter received in evidence. Such procedure is without authority in the applicable statute; moreover, it defeats its purpose (see Code Crim. Pro., § 813-d).
The second ground requiring reversal is that the court refused to charge the jury that it must determine as a question of fact whether the witness Barth was an accomplice and, if he *258 was, whether his testimony was corroborated (see Code Crim. Pro., § 399). While it is true that a thief and receiver are not accomplices of each other, on the evidence in this case the jury could have concluded that Barth was an accomplice in the larceny. Indeed, there is reason to believe that the prosecutor’s consent to the pretrial motion to suppress was based upon his notion that the witness Barth was an accomplice and that, therefore, defendants had standing to make the motion (People v. Cefaro, 45 Misc 2d 990, 991, where the suppression court noted that the prosecutor had mistakenly relied on defendants’ standing to make the motion).
Accordingly, I dissent and vote to reverse the convictions and to order a new trial.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Keating concur with Judge Van Voorhis; Judge Breitel dissents and votes to reverse and order a new trial in a separate opinion.
Judgments affirmed.