**UNITED STATES of America**

**v.**

**William David BALDWIN, a/k/a William Bliss, Defendant.**

**No. 68 Cr. 469.**

United States District Court

S. D. New York.

Jan. 14, 1969.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, for the United States of America; Roger J. Hawke, Asst. U. S. Atty., of counsel.

Koplovitz & Fabricant, New York City, for defendant; Joshua N. Koplovitz, New York City, of counsel.

## MEMORANDUM

BONSAL, District Judge.

In a Grand Jury indictment filed in May 1968, defendant William D. Baldwin is charged with making false statements in an application for a passport in that he falsely stated that his name was "Paul Smith."

Defendant moves, pursuant to Rule 41(e), F.R.Cr.P., for an order suppressing the passport issued in the name of "Paul Smith," on the ground that the passport was seized unlawfully in the course of a search of his apartment conducted by the New York City police on November 7, 1966.

It appears that, on November 7, 1966, New York City police obtained a search warrant from a Justice of the New York Supreme Court "to make an immediate search of apartment 6 [at] 76 Jefferson Street * * * occupied by Paul Smith a/k/a Bliss, * * * for narcotics, the means of committing a crime or offense, and the means of preventing a crime or offense from being discovered. * * *"

The police searched the apartment on the same day and seized a number of items. Pursuant to Code of Cr.Proc. § 805, the police submitted an inventory to the Justice of the Supreme Court who issued the warrant, stating that the following items were "all the property taken * * * on the warrant":

"(1) One fully loaded Colt .38 calibre automatic, serial #46406.

(2) One large bottle containing a quantity of alleged L.S.D.

(3) One large bottle containing a quantity of alleged D.M.T."

Defendant Baldwin asserts that in November 1966 he occupied apartment 6 at 76 Jefferson Street, that he was not in the apartment when it was searched but when he returned after the search he discovered that a passport in the name of Paul Smith was missing. He states that he later learned that, in addition to the items listed by the police, the police also seized the passport, which the police turned over to the Federal authorities.

Rule 41(e), F.R.Cr.P., provides that: "A person aggrieved by an unlawful search and seizure may move the district court for the district in which the property was seized for the return of the property and to suppress for use as evidence anything so obtained on the ground that * * * (3) the property seized is not that described in the warrant, * * *."

The Government concedes that the New York City police seized the passport from defendant's apartment and that it was not listed in the inventory as required by the Code of Criminal Procedure § 805.* The Government contends that the seizure of the passport was lawful because,

(1) the warrant authorized the search and seizure of "the means of committing a crime or offense, and the means of preventing a crime or offense from being discovered."

(2) the police, in executing the search warrant, were authorized to seize, in addition to the articles described in the warrant, other property which constitutes the instrumentality of a crime.

---

\* Defendant Baldwin does not urge that this failure to comply with Code of Cr.Proc. § 805 is a ground for invalidation of the warrant or seizure, as it is clear, under Federal law, that the return and inventory under a warrant are ministerial acts and any failure therein does not void the warrant or search and seizure. United States v. Haskins, 345 F.2d 111 (6th Cir. 1965); United States v. Romano, 203 F.Supp. 27 (D.Conn.1962), and the same may be true under New York law, see People v. Rose, 52 Misc.2d 648, 276 N.Y.S.2d 450 (1967).

Johnson v. United States, 110 U.S.App. D.C. 351, 293 F.2d 539 (D.C.Cir.1961), cert. denied, 375 U.S. 884, 84 S.Ct. 167, 11 L.Ed.2d 118 (1963).

 The requirement that search warrants shall describe with particularity the objects to be seized is to preclude the possibility of general searches or the seizure of one type of item under a warrant describing another. In describing the property to be seized, nothing is left to the discretion of the officer executing the warrant. Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); People v. Cefaro, 21 N.Y.2d 252, 287 N.Y.S.2d 371, 234 N.E.2d 423 (1967); People v. Kozak, 56 Misc.2d 337, 288 N.Y.S.2d 692 (1968). The description of the property authorized to be seized is not broadened by use of the words in the warrant, "the means of committing a crime or offense, and the means of preventing a crime or offense from being discovered." A reading of Section 797 of the New York Code of Criminal Procedure makes it clear that this language merely limits the specific description of the property to be seized pursuant to the warrant. Besides narcotics, the only items which could be seized lawfully would be those closely related to narcotics, such as needles, scales, glassine envelopes, or the like, see People v. Hendricks, 45 Misc.2d 7, 256 N.Y.S.2d 78, 81 (1965).

■■ While the rule as to specificity has been coupled with an exception permitting the seizure of property the possession of which is a crime, or which shows that a different offense is being committed in the presence of the police, Harris v. United States, 331 U.S. 145, 155, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947); United States ex rel. Nickens v. LaVallee, 391 F.2d 123, 127 (2d Cir. 1968), this exception does not avail the Government here. The warrant authorized the search of an apartment occupied by Paul Smith. The police had no basis for finding from the passport either that its possession by "Smith" was

a crime or that a different crime was being committed in their presence. Defendant is not being charged with possession of a forged passport, but with making false statements in an application for a passport; compare Harris v. United States, supra; United States v. Eisner, 297 F.2d 595 (6th Cir. 1962); nor is there any relation between the passport and the narcotics which were seized. Had the officers found heroin, there might have been some basis for concluding that the passport was an instrumentality under which the defendant imported the heroin into the United States. The narcotics described in the return to the warrant have no indicia of illegal importation.

For the foregoing reason, the defendant's motion to suppress, pursuant to Rule 41(e), F.R.Cr.P., is granted.

It is so ordered.