■    In the Matter of SOUTHSIDE RESTAURANT, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the State Liquor Authority, dated February 26, 1968, which suspended petitioner's restaurant liquor license for 10 days. Determination confirmed and proceeding dismissed on the merits, with costs. In our opinion, the determination under review was supported by substantial evidence. The proof of petitioner's sufferance of gambling activities was sufficient to sustain the charge, even without the admission into evidence of the items suppressed by the District Court of Suffolk County. As to these items, respondent could not disregard the District Court's determination that such evidence was the fruit of an illegal search and seizure (*Matter of Finn's Liq. Shop* v. *State Liq. Auth.,* 24 N Y 2d 647, 662). However, even if these items

were excluded, proof of petitioner's culpability as charged was adequate. In this view of the case, we need not reach or consider petitioner's further contention that it was error for respondent's hearing officer not to permit examination of the notes of the police officer who testified (*Matter of Playboy Club of N. Y. v. State Liq. Auth.*, 23 N Y 2d 544, 550). Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.