**UNITED STATES of America,
Appellee,**

v.

**Melvin Lee ROSS, Appellant.**

**No. 13315.**

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 3, 1969.

Decided April 15, 1970.

Joe Robert Harper Greenville, S. C., for appellant.

Thomas P. Simpson, Asst. U. S. Atty. (Joseph O. Rogers, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF and CRAVEN, Circuit Judges, and WIDENER, District Judge.

WIDENER, District Judge:

The appellant, Melvin Lee Ross, was convicted by a jury on both counts of a two count indictment charging him with violation of 18 U.S.C. § 2315, in that he concealed and stored goods of the value of $5,000.00 or more, which goods had been stolen from interstate commerce, knowing the same to have been stolen. The first count charged concealing and storing certain Armstrong floor tile, and the second count a forty-foot refrigerator trailer.

Appellant assigns error in three particulars: first, that the supporting affidavit for the search warrant was insufficient and that the district court should have granted his motion to suppress the flooring materials and trailer seized as a result of the search; second, that the prosecution suppressed a witness whose testimony might have been beneficial to the defense; and third, that his motions in arrest of judgment, of acquittal, and for a new trial were overruled. These latter three motions are in essence that the verdict was contrary to the law and the evidence and without evidence to support it.

On or about September 30, 1967, a truck trailer load of Armstrong floor covering materials worth $10,364.98 was stolen from interstate commerce in Spartanburg County, South Carolina. This came to the attention of FBI agent Barry on October 2, 1967, and he was furnished an inventory of the stolen material.

On March 28, 1968, Barry received a report of the stolen material, and on March 29, 1968, went before a U. S. Commissioner and obtained a search warrant.

The affidavit on which the search warrant was based is here set forth in full:

"Before Jesse M. Ray, United States Commissioner, Greenville, South Carolina, the undersigned being duly sworn deposes and says:

"1. That between on or about September 30, 1967, and October 1, 1967, a 1966 Strick Van, Serial No. 701A3, 1968 S. C. Vehicle License TRL 1185 containing cartons of Armstrong Floor Covering materials valued in excess of $5,000.00 was stolen from Hearon Circle, Spartanburg County, South Carolina.

"2. That the above described van and its contents were en route from Lancaster, Pennsylvania to Asheville, North Carolina; that their presence at Hearon Circle, Spartanburg County, South Carolina, was for the purpose of changing the drivers thereof in interstate commerce from Pennsylvania to North Carolina as above described.

"3. That on or about March 28, 1968, a confidential source of known and proven reliability advised affiant as follows:

That a tractor trailer loaded with Armstrong Floor Covering materials was buried on the premises of Melvin L. Ross on the northern side of U. S. Highway #29, Route 2, Box 30, Duncan, Spartanburg County, South Carolina.

"4. That the aforesaid confidential source is known by affiant to be reliable for the following reasons:

(a) In the past this confidential source has furnished correct information to affiant concerning the theft by another of a motor vehicle which had been transported in interstate commerce thereafter.

(b) In the past this confidential source has furnished correct information concerning the theft by another of another trailer and its contents from interstate commerce.

(c) That affiant knows this confidential source to be in a position to determine the factuality of item (3) supra.

"5. That affiant on March 28, 1968, personally viewed the premises described in item (3) supra and from his vantage point in his vehicle on the roadbed of U. S. Highway #29 he viewed recently turned earth on said premises, of a size and shape ample to bury and conceal a van trailer of the type described in item (1) supra.

"That based upon the foregoing he has reason to believe that the van and its contents described in item (1) supra are buried or otherwise concealed on the premises described in item (3) supra, and therefore desires a search warrant for those premises.

"/s/ Raymond P. Barry, Jr.

RAYMOND P. BARRY, JR.
Special Agent
Federal Bureau of Investigation

"Sworn to before me, and subscribed in my presence, March 29, 1968.

(Seal)

/s/ Jesse M. Ray

JESSE M. RAY
United States Commissioner"

As a result of a search held March 29, 1968, pursuant to the warrant, the Armstrong floor covering was seized. Also seized was a forty-foot refrigerator

trailer not mentioned in the warrant which was found buried on the Ross premises. The trailer had been stolen in Asheville, North Carolina, on or about August 28, 1967.

Ross laid off the blame for the whole affair to a certain Payne who had lived on the premises for sometime prior to the search and who did not testify at the trial. Most of the Armstrong floor covering material was found in a buried trailer, but a small quantity was found in the Ross home located near the buried trailer. Also found on the premises near Ross' home were parts of two other stolen vehicles. The FBI first heard of Payne through Ross' attorney, and thereafter attempted without success to find him. Although we had understood during argument that a subpoena had been issued for Payne, the docket entries do not disclose this fact.

Appellant's principal contention is that the search warrant and its supporting affidavit are not sufficient for the U. S. Commissioner to have issued the warrant, and he relies principally on Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

■ It is not contested by the government that the court should consider only the evidence presented to the Commissioner, United States v. Melvin, 419 F.2d 136 (4th Cir. 1969), which in this case was the affidavit hereinabove set forth.

*Aguilar*, as construed by *Spinelli*, must furnish the guide for us here. In *Aguilar* the affidavit " * * * swore only that they had 'received reliable information and do believe' that narcotics were being illegally stored on the described premises." *Spinelli*, 393 U.S. at 412, 89 S.Ct. at 587. The court in *Aguilar* found the affidavit inadequate for two reasons: first, the application failed to set forth any of the "underlying circumstances necessary" for an independent judgment of the magistrate; and second, the affiants did not "support their claim that their informant was

'credible' or his information 'reliable'." *Spinelli*, at 413, 89 S.Ct. at 587.

In *Spinelli* the affidavit was more complete than that considered in *Aguilar*, and contained the following: first, Spinelli's movements for four days, all of which were innocent enough viewed by themselves; second, two telephones in one apartment Spinelli was seen entering on one day; third, Spinelli had a reputation among law enforcement agents as a bookmaker; and fourth, a tip by a confidential, reliable informant that Spinelli was operating a handbook over the two telephones. *Spinelli*, at 413, 414, 89 S.Ct. 584.

The court decided that the affidavit in *Spinelli* was inadequate because it did not state any reason to support the reliability of the informant, nor tell how the informant gathered his information, and failing in these respects the tip was not corroborated sufficiently for a finding of probable cause. *Spinelli*, at 416, 418, 89 S.Ct. 584.

Turning to the affidavit at hand and employing the *Spinelli* approach we first examine the sufficiency of the informer's tip.

The affidavit states that "a confidential source of known and proven reliability," on March 28, 1968, advised affiant that a tractor trailer loaded with Armstrong floor covering was buried on the Ross property on U. S. Highway #29 in Spartanburg County. The affidavit then tells why the source was reliable. The source had in the past provided affiant with correct information as to (1) the theft of a stolen motor vehicle transported in interstate commerce, and (2) the theft of another trailer and contents from interstate commerce.

"*Aguilar's* other test," as *Spinelli* called it, 393 U.S. at 416, 89 S.Ct. 584, however, is not met. The affidavit did not relate how the source received his information, and thus, if the affidavit rested on the tip alone we could not sustain the search.

However, the tip does not stand by itself. It is supplemented in two im-

portant respects which put to rest any doubt about the sufficiency of the entire affidavit. In the first place, the agent demonstrated detailed knowledge that a crime had actually been committed—providing the approximate date, place, serial number, license number and contents of the trailer. The fact that the trailer had been stolen was established beyond doubt, and clearly derived from an independent source. This contrasts with *Aguilar* and *Spinelli* in which the officers relied on informants not only for the identity of the culprit, but to indicate even the existence of criminal activity.

Secondly, there was the agent's own observation, which, unlike in *Spinelli*, added substantial corroboration. The affiant, FBI agent Barry, on March 28, 1968, personally went to the roadside of U. S. Highway # 29, where the Ross property was located, and viewed freshly turned earth his informant had led him to expect. Moreover and most importantly, the fresh earth was not a plowed field but a plot roughly of a size to match the defendant's need for concealment of the stolen truck. This constitutes "corroborat[ion in] more than one small detail." 393 U.S. at 417, 89 S.Ct. at 590.

■ In sum, there was more than a bald tip in this case. A trailer such as that described in the tip was known to have been stolen. The informant's allegation of where the trailer was hidden was significantly corroborated. There was more than enough content in the affidavit for the Commissioner to have satisfied himself that the story was not "fabricat[ed] * * * out of whole cloth." 393 U.S. at 417, 89 S.Ct. 584. We conclude that the affidavit in question was sufficient; that the search warrant was based upon probable cause; and that the evidence was properly admitted.

The finding here is consistent with United States v. Melvin, 419 F.2d 136 (4th Cir. 1969). There the affiant could not state as a matter of fact that a crime had been committed; the affidavit provided no basis for the reliability of the informant; and there was insufficient corroboration.

■ Appellant next contends that the government suppressed a witness, Payne, whom Ross blames for his trouble. The first knowledge the government had of Payne was when Ross' attorney inquired of the FBI as to his whereabouts but upon casual inquiry was unable to locate him for the defendant. No issue was made of this in the record of the trial; no demand to produce Payne was made until this appeal; no subpoena was issued to require his attendance; and no motion was made for a continuance because of his absence. No motion was made to disclose the identity of the FBI informant. The assignment of error we find to be without merit and not supported by the record.

The last contention of appellant is that Ross was without the necessary guilty knowledge that the property was stolen, and that the value of the trailer was not proved.

Not only were the trailer and the floor covering described in the indictment found secreted on Ross' property, two other stolen trailers were also found on the property at the time of the search, one buried and the other altered to conceal its identity. Part of the stolen floor covering was found in appellant's home.

■ It is uniformly held that the possession of recently stolen property justifies an inference that the possession was with the knowledge that the property was stolen. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964). Much longer periods than the six and seven months here involved have been held to support the inference. United States v. Riso, 405 F.2d 134 (7th Cir. 1968). We are of opinion that the evidence in the case justifies the inference that Ross knew the property was stolen.

■ The trailer in question was one of two identical trailers sold July 19, 1967, for the sum of $26,443.86. The

invoice is in evidence, and to ascribe as much as $5,000.00 to the stolen trailer is a finding of fact within the province of the jury.

The facts are overwhelming that the trailer and flooring materials were stolen.

The verdict of the jury was fully justified by the evidence.

Affirmed.