**UNITED STATES of America**

**v.**

**Armando PINERO, Ignacio Pinero, and Hermino Reyes Medina, a/k/a Ray, a/k/a Ray Medinas, Defendants.**

**No. 66 Cr. 85.**

United States District Court,
S. D. New York,
Feb. 23, 1971.

Whitney North Seymour, Jr., U. S. Atty. S. D. N. Y., for the United States; James W. Rayhill, Asst. U. S. Atty. S. D. N. Y., of counsel.

Richard D. Friedman, New York City, for defendants Armando Pinero and Ignacio Pinero.

METZNER, District Judge.

Defendants Armando Pinero and Ignacio Pinero have been indicted on a charge of conspiring to steal goods from motor trucks moving in interstate commerce and to receive and possess such stolen goods. Both defendants move to dismiss the . indictment on the ground that they have been denied their right to a speedy trial. Armando Pinero moves to suppress certain evidence which was seized by FBI agents during a search of his store pursuant to a search warrant. Ignacio Pinero moves to suppress certain evidence seized from his home without a search warrant.

*(A)   Motion to Dismiss Indictment*

Defendants were arrested on May 2, 1964 and were indicted on January 27, 1966. From the time of their arrest until the present they have been free on bail and have been represented by counsel. The United States Attorney moved the case for trial in October 1970. Thereafter defendants changed counsel and this motion was made.

Defendants claim that the delay of over six and one-half years between arrest and trial and of over five years between indictment and trial violates their rights under the Sixth Amendment and

Rule 48(b) of the Federal Rules of Criminal Procedure.

■ Courts in the Second Circuit look to four factors in determining whether there has been a violation of the right to speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the prejudice to the defendant; and (4) waiver by the defendant. United States ex rel. Solomon v. Mancusi, 412 F.2d 88 (2d Cir.), cert. denied, 396 U.S. 936, 90 S.Ct. 269, 24 L.Ed.2d 236 (1969).

■ A delay of five years, as is present in this case, is clearly an undue delay. United States ex rel. Solomon v. Mancusi, *supra*; United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed. 2d 109 (1958). However, the court may not dismiss an indictment merely upon the showing of delay, even extended delay. United States ex rel. Solomon v. Mancusi, *supra* 412 F.2d at 90. The defendant must also demonstrate either that the delay was caused by purposeful or oppressive governmental action, United States v. Dooling, 406 F.2d 192, 196 (2d Cir.), cert. denied, 395 U.S. 911, 89 S.Ct. 1744, 23 L.Ed.2d 224 (1969), or that the delay prejudiced the defendant in some way, United States ex rel. Solomon v. Mancusi, *supra* 412 F.2d at 90–91.

■ Purposeful or oppressive governmental action is present where the government deliberately chooses to delay trial in order to secure an unfair advantage over defendant. Petition of Provoo, 17 F.R.D. 183 (D.Md.), aff'd per curiam, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761 (1955). No such showing has been made here.

■ As to the issue of possible prejudice, the defendants contend that some of their witnesses presently reside in Puerto Rico, inferring that they previously resided in New York, as did these defendants. It is also alleged that the memory of these witnesses probably has faded in the interval between defendants' arrest and trial. However, mere speculation that unnamed witnesses might be difficult to find, or that bringing them to the place of trial is financially burdensome, or that memories have faded is insufficient to show prejudice within the meaning of the Sixth Amendment or Rule 48(b). United States v. Aberson, 419 F.2d 820 (2d Cir. 1970); United States ex rel. Solomon v. Mancusi, *supra* 412 F.2d at 91. A more particularized showing of prejudice is required, such as that specific favorable witnesses have died or that particular evidence has been lost. See Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970). Defendants here make no such claims.

■ Furthermore, this is not a case where defendants have languished in jail, unrepresented by counsel, since the time of their arrest. See United States v. Richardson, 291 F.Supp. 441 (S.D.N.Y.1968). At all times defendants have been free on bail and have had the assistance of counsel in preparing their defense. Knowing that this case could be called for trial at any time, they have had both the incentive and the means to preserve the evidence and to keep track of the witnesses in their favor. No showing of prejudice has been made.

Finally, it is the rule in the Second Circuit that the right to a speedy trial is deemed waived if not promptly asserted. United States v. Lustman, *supra*. Although the *Lustman* rule has been criticized, the Second Circuit has consistently followed it. United States v. Fitzpatrick, 437 F.2d 19, 27 (2d Cir. 1970); United States v. Aberson, *supra* 419 F.2d at 821; United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967), cert. denied, 389 U.S. 1057, 88 S.Ct. 809, 19 L.Ed.2d 856 (1968). Defendants have never requested a trial of their case and have therefore waived their rights under the Sixth Amendment and Rule 48(b).

The motion to dismiss the indictment is denied.

**(B) Motion by Armando Pinero to Suppress Evidence**

On May 1, 1964 FBI agents searched Armando Pinero's store pursuant to a search warrant. The warrant had been issued earlier that day by United States Commissioner Earle N. Bishopp, on the supporting affidavit of Agent John S. Rasmovich. The affidavit contained the following allegations:

1. On April 29, 1964 the FBI received a report that a truck had been stolen containing 145 cartons of toys which were being shipped from Knickerbocker Toys, Brooklyn, to (a) Bullochs, Los Angeles, California, (b) Goodyear, Ann Arbor, Michigan, and (c) Cox, McKeesport, Pennsylvania.

2. On May 1, 1964 an FBI agent received an anonymous telephone call stating: "If you are interested in the Knickerbocker toys, look in the store at 1755 Bathgate Avenue in the Bronx."

3. Thereafter, on May 1, 1964, two FBI agents went to 1755 Bathgate Avenue, Bronx, New York, looked through a window at street level, and saw cartons bearing the label "Knickerbocker Toys" along with labels (a) Bullochs, Los Angeles, California, (b) Goodyear, Ann Arbor, Michigan, and (c) Cox, McKeesport, Pennsylvania.

The search warrant named the premises to be searched as "a street-level store, located at 1755 Bathgate Avenue, Bronx, New York," and the property to be seized as "145 cartons of toys stolen from a motor truck moving in interstate commerce."

Pursuant to the warrant, FBI agents conducted a search of the named premises and seized cartons of toys, receipts for used clothing, and three clothing racks with hangers.

Defendant first claims that his rights under the Fourth Amendment were violated in that the search warrant was issued without probable cause. He contends that the warrant was issued on the basis of information received from an anonymous informant and therefore was invalid under the tests laid down in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and Spinelli v. United States, 393 U.S. 410, 89 S. Ct. 584, 21 L.Ed.2d 637 (1969).

The supporting affidavit which was found insufficient in *Aguilar* stated merely that "Affiants have received reliable information from a credible person and do believe that" contraband is on the premises in question. *Aguilar* 378 U.S. at 109, 84 S.Ct. at 1511. The Court stated that a mere affirmance of belief or suspicion on the part of a police officer is not sufficient basis for probable cause. The magistrate must be informed of some of the underlying circumstances from which the informant concluded that contraband was on the premises, and some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable. *Aguilar* 378 U.S. at 114, 84 S.Ct. 1509; *Spinelli* 393 U.S. at 416, 89 S.Ct. 584.

█ It is clear that if the search warrant in the present case depended solely upon the anonymous telephone call received by the FBI on May 1, 1964, it would be as vulnerable as was the warrant in *Aguilar*. However, there was more before the magistrate than merely the anonymous tip that a crime had been committed. According to *Spinelli*, a tip which fails to meet the test of *Aguilar* may still be the basis for a search warrant if it is sufficiently corroborated by independent sources. *Spinelli* 393 U.S. at 415, 89 S.Ct. 584.

█ In the present case two crucial corroborating facts appear in the supporting affidavit and remove any doubt as to the validity of the warrant. In the first place, the FBI agents had detailed knowledge, from a source other than the informant, that a crime had been committed. See United States v. Ross, 424 F.2d 1016 (4th Cir. 1970), appeal pending. Secondly, substantial corroboration was added by the observations of the FBI agents themselves at the place to be searched. See United States v. Ross, *supra*.

Probable cause here was based on more than the bald tip in *Aguilar* or the insignificant corroboration in *Spinelli*. There is here at least as strong a showing of probable cause as there was in United States v. Ross, *supra*. In *Ross* FBI agents received a tip that a stolen truck was buried on defendant's property. The court found the tip sufficiently corroborated by (1) the fact that the FBI had previously received a report that the truck in question had been stolen, and (2) the observations of FBI agents who went to defendant's property and saw a freshly dug plot which was roughly the size of the stolen truck.

The affidavit in the present case was clearly sufficient, and the search warrant was based on probable cause.

■ Defendant next contends that the warrant was invalid because it did not set forth the items to be seized with sufficient particularity. Marron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927); United States v. Melville, 309 F.Supp. 829, 832 (S.D.N.Y.1970). The present warrant, by limiting the property that could be seized to "145 cartons of toys stolen from a motor truck moving in interstate commerce," was more than adequate to curb the discretion of the agents conducting the search and therefore satisfies the Fourth Amendment test.

■ Defendant also contends that purely evidentiary items were seized. However, it is clear that the cartons of toys were contraband rather than evidence; and, in any event, the Supreme Court has held that evidentiary items, as well as instrumentalities, fruits, or contraband, can be the subject of a search. Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

■ Defendant's final claim is that the receipts for used clothing, the clothing racks, and the hangers are inadmissible because they were not listed in the search warrant. The Fourth Amendment prohibits the seizure of one thing under a warrant describing another. Marron v. United States, *supra*. Seizure of the receipts, the racks, and the hangers was not authorized by the warrant, and their use at trial must be suppressed. United States ex rel. Nickens v. LaVallee, 391 F.2d 123 (2d Cir. 1968). The exceptions justifying a warrantless search do not exist here.

The government's reliance on Harris v. United States, 331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1399 (1947), is ill-conceived. That case stands for the proposition that property not named in a search warrant may be seized either if possession of the property is itself a crime or if discovering the property reveals that an offense different from the one which motivated the search is being committed in the presence of the searching officials. United States v. Baldwin, 46 F.R.D. 63 (S.D.N.Y.1969). There has been no allegation in this case that either of these two conditions was met by the receipts, clothes racks, or hangers.

*(C) Motion by Ignacio Pinero to Suppress Evidence*

■ The resolution of this motion depends on whether the defendant consented to the search of his apartment by the FBI agents. While the moving papers do not seem to raise this point specifically, sufficient is alleged so that the court may infer that this issue exists, and that a hearing is necessary.

The hearing shall proceed on March 17, 1971 in Room 128 at 10 A.M. The trial shall proceed on March 18, 1971 at the same time and place. Requests to charge and trial briefs shall be submitted by March 15, 1971.

So ordered.