■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RIVERA, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County, rendered November 26, 1974, convicting him of rape in the second degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. There is no statute which requires a sanity hearing in every instance in which it is claimed that the defendant has a mental problem or a history of psychiatric treatment *(People v Armlin,* 43 AD2d 782). No sanity hearing was requested by defendant; it appears that he consented, after a thorough consideration of the consequences, to the confirmation of psychiatric reports which found him capable of standing trial. We are unable to say, on the basis of the record, that the County Court abused its discretion in failing to order a sanity hearing *sua sponte.* Nor was a *Huntley* hearing required since "The issue as to whether the confession was illegally obtained is waived by the guilty plea" where a defendant has knowingly and voluntarily pleaded guilty *(People v Nicholson,* 11 NY2d 1067, 1068). Rabin, Acting P. J., Martuscello, Cohalan, Christ and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VETRI, FRANK MALONEY, ROBERT DONOVAN and JOSEPH DONOVAN, Appellants.—Four judgments (one as to each appellant) of the Supreme Court, Kings County, rendered February 28, 1975, affirmed *(People v Cefaro,* 45 Misc 2d 990; *id.,* 28 AD2d 694, affd 21 NY2d 252). Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EROL WILLIAMS, Appellant.—Judgment of the Supreme Court, Queens County, rendered February 13, 1974 upon resentence, affirmed *(People v Brown & Barnett,* 47 AD2d 930, mot for lv to app den). Rabin, Acting P. J., Hopkins, Martuscello, Christ and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAMON PINA, Respondent, v J. LELAND CASSCLES, as Superintendent of Great Meadow Correctional Facility, Appellant.—In a habeas corpus proceeding, the appeal (transferred to this court) is from a judgment of the Supreme Court, Washington County, entered May 21, 1975, which, after a hearing, granted the petition and remanded petitioner to Queens County for a retrial on Indictment No. 3191-73. Judgment reversed, on the law, without costs, and writ and petition dismissed. The pendency of petitioner's direct appeal from the judgment of conviction made the granting of the petition in this proceeding improper *(People ex rel. Keitt v McMann,* 18 NY2d 257; *People ex rel. Garcia v Warden, Sing Sing Prison,* 28 AD2d 682, mot for lv to app den 20 NY2d 645). In addition, the substantive contentions upon which petitioner bases his claim that he was illegally detained are without merit (see *People v Pina,* 49 AD2d —; *People v Williams,* 47 AD2d 262). Consequently, the petition should have been dismissed. Gulotta, P. J., Rabin, Martuscello, Latham and Shapiro, JJ., concur.