■ In the Matter of the PINK FOX LOUNGE, INC., et al., Petitioners, v MICHAEL ROTH, et al., Constituting the State Liquor Authority, Respondents. —Proceeding pursuant to CPLR article 78 to review two determinations of respondents, made after hearings, the first an order dated March 17, 1975, suspending the corporate petitioner's special on-premises liquor license for seven days and the second an order dated April 1, 1975, canceling said license, effective April 16, 1975, and imposing a $1,000 bond claim. Determinations confirmed and petition dismissed on the merits, without costs. The rule is well settled in this State that evidence which is seized in violation of

the Fourth Amendment of the United States Constitution may not be introduced in an administrative proceeding before the State Liquor Authority (see *Matter of Finn's Liq. Shop v State Liq. Auth.* 24 NY2d 647). Moreover, a determination by a court of competent jurisdiction that evidence was illegally seized is binding upon the Authority, which is precluded from attacking such judicial determination collaterally even though the Authority was not a party to the judicial proceeding (see *Matter of Finn's Liq. Shop v State Liq. Auth., supra,* pp 660–661). To this extent it was improper for the hearing officer in the present matter to look behind the suppression order of the District Court of Suffolk County, First District, dated October 17, 1973, and to accept independent proof as to which of the items introduced at the administrative hearing were in fact seized during the illegal search of the Librizzi home. Nevertheless, this conclusion does not necessarily bar the introduction of the illegally seized evidence by respondents. The district court's order only established the fact that the search and seizure of all of the documents listed therein were unlawful as against the persons involved in that criminal proceeding, namely, the two Librizzis and another person. Implicit in the order was a determination that the Librizzis had standing to challenge the constitutionality of the search. However, no such finding can be inferred as to the corporate petitioner herein or as to its principal owner of record, Dominic M. Lattuca. Thus, the cases cited by petitioners are distinguishable. For example, in *Matter of Finn's Liq. Shop v State Liq. Auth. (supra)* and its companion cases (particularly *Matter of La Penta v State Liq. Auth.* 24 NY2d 647, 659, which is very close factually to the present proceeding) the individual or licensee who successfully controverted the legality of the search was the same individual or licensee who objected to the introduction of the tainted evidence and against whom the subsequent administrative proceeding was aimed (see *Matter of Southside Rest. v State Liq. Auth.,* 34 AD2d 565). In the present proceeding the parties involved in the prior, criminal adjudication are neither the licensee nor the principal owner of record. Thus, it was entirely proper for the authority to explore the question of whether the corporate petitioner had standing to challenge the introduction of these items into evidence. Furthermore, we conclude that all of the challenged exhibits were properly received into evidence, since neither the corporate petitioner nor its principal owner of record had standing to object to their introduction at the hearing before the authority. The burden is upon the person who challenges the legality of a search to allege and prove that he himself was a victim of an invasion of privacy (see *Jones v United States,* 362 US 257, 261; *People v Cefaro,* 45 Misc 2d 990, affd 28 AD2d 694, affd 21 NY2d 252). In general, a person has standing under the Fourth Amendment when he (1) was legitimately on the premises at the time of the contested search, or (2) has a proprietary or possessory interest in the premises, or (3) was charged with an offense that includes, as an essential element of the offense charged, possession of the seized item at the time of the contested search, or (4) was the owner or possessor of the seized property (see *Brown v United States,* 411 US 223; *People v Hansen,* 38 NY2d 17). Under the facts adduced at the hearing it is clear that the corporate petitioner may not assert standing under any of the first three above-mentioned grounds. Thus, for example, Dominic Lattuca, the licensee's sole owner of record, was not present at the time of the search; nor was it shown that either he or the corporate petitioner has a proprietary or possessory interest in the Librizzi home. Similarly, standing cannot be accorded under the fourth above-mentioned ground, since, as the hearing officer noted, no evidence was introduced that

858

the documents and papers seized were the property of Lattuca or the corporate petitioner. Viewed as a whole, there is substantial evidence in the record in this proceeding to uphold respondents' determinations. We have examined petitioners' other arguments and find them to be without merit. Hopkins, Acting P. J., Martuscello, Cohalan, Christ and Munder, JJ., concur.