THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND J. PALMER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 4, 1977, convicting defendant, upon his plea of guilty, of the crime of arson in the third degree. Defendant was indicted for the crime of arson in the second degree. As a result of plea negotiations, defendant pleaded guilty to the crime of arson in the third degree and was sentenced to an indeterminate term with a maximum of 10 years. At the time of his plea defendant stated that on the night in question he was drunk, that he lit a candle and a nightgown on top of a bed, and then ran out of the building. The court asked defendant if he knew it was a nightgown and knew that he had a candle, and that if he took the lit candle and put it next to the nightgown that a fire would commence. Defendant responded affirmatively to all of these questions. On this appeal defendant contends that two essential elements of the crime were not shown at the time of his plea and, therefore, his plea should not have been accepted. As to intent, defendant admitted committing the acts alleged and his intent is "readily inferrable" from his statements concerning the circumstances of the crime. Consequently, no further inquiry was mandated prior to accepting the plea *(People v McGowen, 42 NY2d 905).* Additionally, defendant argues that there was no showing that the building was damaged. A defendant, however, may plead to a hypothetical crime *(People v Foster, 19 NY2d 150).* In view of the fact that the time and place are the same for the crime pleaded as for the one charged and the fact that no inherent unfairness has been demonstrated in the negotiation or acceptance of the plea, we are of the opinion that the court properly accepted defendant's plea *(People v Francis, 38 NY2d 150).* Defendant is precluded from raising the

issue of the voluntariness of his confession by his knowing and voluntary plea of guilty *(People v Rivera,* 50 AD2d 805; cf. CPL 710.70, subd 2). By his plea defendant waived objection to all nonjurisdictional defects in any prior state of the proceeding except those which go to the validity of the plea itself *(People v Meachem,* 50 AD2d 953). Defendant's remaining arguments have been considered and are unpersuasive. The judgment should be affirmed. Judgment affirmed. Sweeney, J. P., Staley, Jr., Larkin, Mikoll and Herlihy, JJ., concur.