■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY ROGERS, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County, imposed July 20, 1978, upon his conviction of robbery in the third degree, upon his plea of guilty, the sentence being an indeterminate term of imprisonment with a maximum of three years. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to probation for a period of five years and case remitted to Criminal Term to fix the conditions of probation. The sentence was excessive to the extent indicated herein. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MACK F. STERLING, Also Known as STERLING EDWARD MACK, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 30, 1977, convicting him of attempted assault in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. Defendant was found competent to stand trial after a pretrial hearing ordered by the court, a finding with which defense counsel agreed. At the time of plea the court was fully apprised of defendant's past mental history. Defendant indicated after careful explanation and questioning by the court that he understood the consequences of his guilty plea. We reiterate that there is no statutory provision in this State which requires a court to order a sanity hearing *sua sponte* whenever defendant has a history of mental problems *(People v Rivera,* 50 AD2d 805; cf. *People v Armlin,* 37 NY2d 167). Titone, J. P., O'Connor, Lazer and Mangano, JJ., concur.