■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN ROSS, JR., Appellant.—Judgment unanimously affirmed. Memorandum: Having been convicted upon a jury verdict of attempted manslaughter in the first degree, assault in the first degree, and criminal use of a firearm in the second degree, defendant argues on appeal that, given his history of mental problems and substance abuse, the court, *sua sponte,* should have inquired into defendant's fitness to proceed to trial. We disagree.

Defendant was represented by counsel, who made no request for a competency hearing. At no time during the trial did defense counsel articulate on the record that he was having difficulty communicating with defendant or that defendant was incapable of assisting in his own defense, nor is there any indication that defendant engaged in bizarre behavior at trial *(see, People v Swan,* 158 AD2d 158, 161, *lv denied* 76 NY2d 991). Moreover, the trial court is not obligated to order a competency hearing in every case where a defendant has a history of mental problems *(see, People v Sterling,* 72 AD2d 611). Here, although defendant suffers from a personality disorder and periods of depression and may have been hospitalized on prior occasions, there is no basis in the record upon which to conclude that he was incompetent to stand trial *(see, People v Dudasik,* 112 AD2d 20; *cf., People v Arnold,* 113 AD2d 101).

Considering the savage nature of the attack by defendant and the threat to innocent persons, the sentence imposed was justified. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Attempted Manslaughter, 1st Degree.) Present —Denman, P. J., Pine, Balio, Lawton and Doerr, JJ.