■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSTON, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Suffolk County (Tisch, J.), rendered March 28, 1988, convicting him of burglary in the first degree, grand larceny in the third degree, and criminal contempt in the second degree, upon a jury verdict, and imposing consecutive indeterminate terms of 6 to 12 years imprisonment for burglary in the first degree, and grand larceny in the second degree, and a determinate sentence of one year for criminal contempt in the second degree, (2) by permission, from an order of the same court, dated June 25, 1990, which denied his motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Ordered that the order is affirmed; and it is further,

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof which directed that the terms of imprisonment for burglary in the first degree and grand larceny in the third degree shall run consecutive to each other, and substituting

therefor a provision providing that those terms of imprisonment shall run concurrent to each other; as so modified, the judgment is affirmed.

The defendant argues that he was deprived of a fair trial by the alleged ineffective assistance of his trial counsel, in part, because defense counsel did not request that the trial court direct a competency examination pursuant to CPL article 730. In the alternative, the defendant contends that the trial court erred when it failed to direct such an examination *sua sponte.* We reject both of these contentions. Although the defendant was hospitalized twice during the months preceding the commission of the *crime,* for major depression as well as suicidal and homicidal ideation, there is no basis in the record to support the conclusion that at the time of the *trial,* the defendant lacked the capacity to understand the proceedings against him or that he was unable to assist in his defense *(see,* CPL 730.10 [1]; *People v Ross,* 185 AD2d 661; *People v Dudasik,* 112 AD2d 20; *People v Rogers,* 163 AD2d 337). With respect to the defendant's remaining assertions of ineffective representation, we note that true ineffectiveness should not be confused with losing tactics, and we decline to accord undue significance to hindsight analysis in review of trial counsel's performance *(see, People v Baldi,* 54 NY2d 137; *People v Sullivan,* 153 AD2d 223). In any event, no aspect of defense counsel's performance rendered her representation less than "meaningful" *(see, People v Rivera,* 71 NY2d 705).

Similarly without merit is the defendant's contention that his acquittal of criminal possession of a weapon in the second and third degrees and criminal use of a firearm in the first degree was repugnant to his conviction of burglary in the first degree. As charged, those crimes did not share identical elements *(see, People v Tucker,* 55 NY2d 1; *People v Vulpis,* 173 AD2d 582).

The sentence was excessive to the extent indicated.

The defendant's remaining contention is unpreserved for appellate review *(see, People v Ward,* 120 AD2d 758; CPL 470.05 [2]), and we decline to address it in the exercise of our interest of justice jurisdiction. Thompson, J. P., Bracken, Harwood and Eiber, JJ., concur.