PEOPLE v. HOLDEN.

(Supreme Court, Appellate Division, Fourth Department.   July 7, 1908.)

CRIMINAL LAW—"ACCOMPLICE."

Defendant advised another and his wife to burglarize a house, and pursuant thereto the husband broke into the house, and thereafter made arrangements whereby he and his wife drove to the house and got the goods; the wife holding the horse while her husband put the goods in the wagon.  This burglary had been planned between the husband and wife for some time prior to its consummation.  A few nights afterward the husband went to the house again and selected more goods, and on the next night brought them home.  The goods were wet, and the wife assisted him in drying them, and she also put away some of the goods.  The wife knew that the goods had been stolen.  *Held*, that the wife was an "accomplice" of her husband in the transaction, within Code Cr. Proc. § 399, providing that a conviction cannot be had on an accomplice's testimony, unless corroborated.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, §§ 1082–1085, 1088.

For other definitions, see Words and Phrases, vol. 1, pp. 75–79; vol. 8, p. 7561.]

Williams, J., dissenting.

Appeal from Trial Term, Cattaraugus County.

James E. Holden was convicted of burglary in the third degree and of grand larceny in the second degree.  From the judgment, and order denying a new trial, he appeals.  Reversed, and new trial ordered.

The action was commenced on the 5th day of December, 1907, by the finding of an indictment of the grand jury of Cattaraugus county, N. Y., containing two counts; the first accusing the defendant of the crime of burglary in the third degree, and the second accusing him of the crime of grand larceny in the second degree.  The defendant was arraigned in the Supreme Court on the 9th day of December, 1907, where he pleaded "not guilty," and on that day an order was made in that court sending the indictment to the County Court of Cattaraugus county for trial.  The defendant was tried at a term of said County Court commencing on the 13th day of January, 1908.  The jury rendered a verdict on the 18th day of January, 1908, convicting the defendant as charged in the indictment, and he was thereupon sentenced by the court to be imprisoned in Auburn State Prison at hard labor for a term of not more than 4 years 6 months and not less than 3 years 3 months.  A motion for a new trial upon the minutes of the court was made, which was denied.  From the judgment of conviction, and the order denying the motion for a new trial so made, this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. B. Jewell, for appellant.
George W. Cole, Dist. Atty., for the People.

McLENNAN, P. J.  The chief question presented by this appeal is whether or not the witness Cora Hubbell, called by the plaintiff, was competent, within the meaning of section 399 of the Code of Criminal Procedure, and it is unnecessary, in order to present that question of law, to recite all, or even a considerable portion, of the testimony.  The evidence on the part of the people tends to show that the defendant at divers times advised Howard Hubbell and his wife, Cora Hub-

bell, to burglarize a house known as the Hunt or Andrews house, situate in Otto, in Cattaraugus county, N. Y., and that pursuant to such advice the husband did, prior to September 21, 1907, break into said house, pick up and prepare for removal certain articles of household goods therein, and that thereafter he went to a livery stable in the village of Ellicottville and made arrangements by which he and his wife went to the house and got furnishings or property, which he prepared to take away; that the wife, Cora Hubbell, held the horse while her husband put the things in the wagon; and that they then drove home. That this burglary had been planned between the husband and wife for some time prior to its consummation is established by the evidence without contradiction. They both went to the house, intending to steal and take away from it property therein. A few nights afterward, Hubbell (the husband) went into the house again and selected more things, which he determined to steal, and on the night following he (the husband) started out to obtain property so selected by him. On that occasion he went alone, got the goods, and took them home. During the trip from the Andrews house to the house of Hubbell it rained, and the goods became somewhat wet, and Hubbell's wife, Cora Hubbell, assisted him to put the carpets, draperies, and other furniture, which he had stolen, around the stove to dry. She put some of the things in the other rooms, and some of them she put out of sight and in boxes and barrels, to keep them from observation. The evidence conclusively establishes that Cora Hubbell knew that the property thus brought to the house of her husband and herself was stolen, and had been taken from the Andrews house. The evidence also conclusively establishes that she (the wife) went with her husband on the occasion of the first burglary and was an active participant therein.

But it is said that on the second burglary, which was committed on the 28th day of September, 1907, she was not an accomplice thereto or therein, because she was not present at the time, and so, notwithstanding that with full knowledge that the goods were obtained by her husband by theft, and notwithstanding she aided and abetted him in secreting the same, and the evidence of his guilt, she is not an accomplice. It seems to me that under every principle Cora Hubbell was an accomplice in the commission of the crime by her husband, and therefore the rule applies that a conviction cannot be had upon the testimony of an accomplice, unless he is corroborated by such other evidence as tends to connect the defendant with the commission of the crime. Section 399 of the Code of Criminal Procedure. It does not seem to me that it is necessary, or that it would be useful, to cite authorities to show that Cora Hubbell was an accomplice of her husband in this transaction from its inception to its close, and, if we are right in this suggestion, then it follows that the judgment and order appealed from must be reversed, because the learned trial court expressly charged the jury, as a matter of law, that Cora Hubbell was not an accomplice, and therefore that her evidence could be considered by them precisely as if a disinterested witness.

We express no opinion as to the guilt or innocence of the defendant. If guilty of the crime charged, he deserves to be severely pun-

ished; but we can find no basis in the evidence for the conclusion that Cora Hubbell was not an accomplice, under the fair meaning and intent of section 399 of the Code of Criminal Procedure. If we are right in that conclusion, it follows that error was committed prejudicial to the defendant.

We conclude that the judgment and order appealed from should be reversed, and a new trial ordered.

Judgment and order reversed, and new trial ordered. All concur, except WILLIAMS, J., who dissents.

