Miltoh A. Wiltse, J.
Upon a trial before the Honorable Johh V. Aylward, Police Justice of the Village of Black River, on May 7, 1960, a jury found the defendant guilty of violation of section 1141 of the Penal Law. Judgment of conviction was entered on the same date. The defendant has appealed.
The information alleges a sale to a service station operator in Black River, by the defendant, on June 17, 1959, of 18 key chains annexed to a display card, each of the key chains having a plastic portion attached with an opening through which may be seen a picture. This, it is charged, is an obscene, lewd, lascivious and indecent picture. The key chain is designated as a“ Peek-A-Vue ”.
It appears from the testimony of the service station operator that he did purchase the key chains and attachments from the defendant, an auto supply salesman, whose name he did not then know. The salesman was asked whether 1 ‘ they were legal ’ ’. He replied in the affirmative, and added, “ don’t show them to minors ”. The objects were thereafter displayed for sale on the card at the service station. On June 19, a member of the *111 State Police called there. At that time, the officer confiscated the “ Peek-A-Vues ”.
The officer testified that he purchased one of the articles before the confiscation took place.
Neither the officer making this purchase, nor another officer that testified, knew the defendant by name. A “John Doe” warrant was obtained from the Police Justice on June 30, 1959. Several months later, the defendant was apprehended by the same officers.
The defendant did not take the witness stand, and he made no admissions to anyone. There were no witnesses for the People, other than those mentioned.
The sale testimony identifying the defendant as the person who sold the articles, was that of the service station operator who purchased them. The charge is supported entirely by his testimony.
Several allegations of error are contained in the affidavit of the defendant. The only one that is discussed is the claim that the service station operator was an accomplice of the defendant as a matter of law, and that no conviction could be had without corroboration of the operator’s testimony. (Code Crim. Pro., § 399.)
At the close of the People’s case, a motion was made to dismiss the information on that ground. It was denied. An exception was taken. A request to charge the jury upon similar grounds was made. It was denied and an exception taken.
The courts have sometimes reached differing conclusions on the question of law being presented.
" However, the Court of Appeals of this State, in People v. Malizia (4 N Y 2d 22) deciding a situation analogous to the one being considered, has made a determination that should now be used for guidance.
In the Malizia case, under one count of an indictment, the defendant was charged with unlawfully selling narcotics. The buyer made his purchases for the purpose of resale. Proof of the guilt of the defendant depended entirely upon the testimony of the buyer. The court said that the buyer was an accomplice of the defendant as a matter of law, and that therefore, his testimony must be corroborated. Since there was no corroborative evidence, the conviction under that particular charge was reversed.
Although an entirely different product was sold by this defendant, than the defendant Malizia, each was selling to a buyer for resale, not to a “ casual buyer ” or a “ user ’ ’. In each case, the same principles of law apply.
*112 On the record here, the buyer of the key chains was an accomplice of the defendant as a matter of law. There was no corroboration of the testimony given by the accomplice.
In its absence, the requirements of section 399 of the Code of Criminal Procedure have not been met.
The conviction should be reversed on the law, the information dismissed, the defendant discharged and the fine remitted.