Van Voorhis, J.
The defendant-appellant and his codefendant were charged with the crimes of grand larceny in the first degree (two counts), criminally buying and receiving and criminally concealing and withholding stolen and wrongfully acquired property with respect to an automobile. Police officers testified that they came upon an automobile operated by defendant which was pushing the stolen automobile with the codefendant behind the wheel of that car, that, as they approached the codefendant left the stolen car and ran and the defendant-appellant drove *549 off. The codefendant testified in his own behalf, implicating the def endant-app ellant.
Apparently the Trial Justice considered that corroboration of the testimony of accomplices is not required by section 399 of the Code of Criminal Procedure where the accomplice is a codefendant. In this context the trial court said, in refusing to charge that corroboration was required: ‘ ‘ The Court takes the position the People have not introduced any accomplice testimony. One defendant is testifying in his own defense. I decline to charge as requested.”
The language of section 399 of the Code of Criminal Procedure does not distinguish between instances where the accomplice is merely a witness for the People, or testifies against the codefendant in his own behalf. It says: “ A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the crime.”
The Appellate Division, in affirming the conviction, disagreed with the Trial Justice about the propriety of his ruling, but held that it was not prejudicial. The Appellate Division said (26 A D 2d 668): “Defendant was entitled to have the jury know that he could not be convicted on codefendant Green’s testimony alone unless there was other evidence tending to connect him with the commission of the crime. The refusal to so charge was error. We hold this error to be harmless since the People’s evidence in chief sufficiently tended to connect Diaz with the commission of the crime (Code Crim. Pro., § 542). That evidence independently could have supported the conviction here, so that, when codefendant Green took the stand in his own behalf on this joint trial, his implication of appellant Diaz was merely cumulative.”
In holding that this was error, the Appellate Division were in accord with People v. Creighton (271 N. Y. 263, 281) where, although the point was not directly presented, this court said that the trial court1 £ correctly charged the law regarding accomplices by calling attention to the fact that if the testimony of Mrs. Creighton [a codefendant] is to be taken then she was an accomplice of the defendant Appelgate in the commission of the murder, and he cannot be convicted unless there be other evidence tending to connect him with the crime.”
*550 It seems clear that neither we nor the Appellate Division can know to what extent the jury relied upon the testimony of appellant’s codefendant Leon Green. He testified in greater detail than anyone else concerning appellant’s possession of this automobile and his knowledge that it had been stolen. On his testimony depended the identification of the transmission from the stolen automobile which was in the appellant’s luggage compartment. The jury were interested in that as shown by the request which they made on returning to the courtroom during their deliberations when they asked: “ The question we would like to present is whether the transmission in Diaz car was for the Corvette [the stolen automobile] or another car? ” Twenty minutes later the jury arrived at their verdict. The transmission had not been mentioned in the evidence before Green took the stand to testify. The other evidence was given by patrolmen who found the stolen Corvette in the apparent possession of both defendants. Appellant’s codefendant, Leon Green, testified that appellant had told him about the theft.
Whether Green’s testimony was corroborated to the extent required by section 399 of the Code of Criminal Procedure is a question of fact for the jury. For anything that we know to the contrary, the jury may have discredited the testimony by the patrolmen or considered that those' portions of it which they found to be factual were inadequate to constitute corroboration. As was said by the Supreme Court of California in People v. Wallin (32 Cal. 2d 803, 809) where the accomplice was a codefendant: “ Although there was evidence which, if believed, was corroborative of the testimony of [the accomplice], defendant was clearly prejudiced by the refusal to give the requested instructions, since the jury in considering the credibility of witnesses may have rejected the corrobative evidence leaving the testimony of the accomplice to stand alone. ’ ’
The People argue that the trial court was correct, rather than the Appellate Division, in holding that a codefendant cannot be an accomplice. People v. Kress (284 N. Y. 452) is cited to show the reason for the accomplice rule, and likewise Wigmore, Evidence (3d ed., 1940, Vol. 7, § 205G, p. 322). The Kress case does not decide the point at issue but says (p. 459) that the courts have looked with suspicion upon the testimony of an accomplice and asserted that it must be accepted only with *551 caution, “ especially when the accomplice has bought his freedom from prosecution by a promise to give testimony against defendant or is, himself, a disreputable and criminal character ”.
Wigmore (§ 2057, p. 322) says concerning testimony of an accomplice: “It is true that he is also charging himself, and in that respect he has burned his ships. But he can escape the consequences of his acknowledgment, if the prosecuting authorities choose to release him provided he helps them to secure the conviction of his partner in crime ”. Citing an English case, Wigmore adds that “ The essential element, however, it must-be remembered, is this supposed promise or expectation of conditional clemency. If that is lacking, the whole basis of distrust fails. We have passed beyond the stage of thought in which his commission of crime, self confessed, is deemed to render him radically aliar {ante, % 526).”
All of this may well be true, but, in the first place, it does not change the wording of section 399 of the Code of Criminal Procedure and, equally important, the conclusion does not follow that a codefendant may not look for clemency by implicating his alleged partner in crime. Here, it is true, the People made out a prima facie case without calling Leon Green to the witness stand. But for all that we know, this may have been due to strategy on the part of the prosecution. The District Attorney’s office may have expected the codefendant to take the witness stand, and may have been willing to recommend a lighter sentence in the case of Green if he would implicate appellant as he did. It should be remembered that these defendants were charged with grand larceny and other crimes as well as concealing and withholding, and the People may have been trying especially to convict appellant of grand larceny. Both were convicted of concealing and withholding stolen property. Green’s sentence was suspended and appellant’s was not.
The appellant’s judgment of conviction should be reversed and a new trial ordered.
Chief Judge Fuld and Judges Bergan, Keating and Breitel concur with Judge Van Voorhis; Judges Burke and Scileppi dissent and vote to affirm upon the opinion at the Appellate Division.
Judgment reversed and a new trial ordered.