■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JESSE BELL, HOWARD CHANDLER, THOMAS BRADLEY JACKSON and JOHN S. HATCHER, Appellants. — Appeal from four judgments of the County Court, Nassau County, each as to a respective appellant herein, those as to appellants Bell, Chandler and Hatcher rendered on April 26, 1967, and the one as to appellant Jackson rendered April 27, 1967 on resentence, each judgment convicting the respective appellant of robbery in the first degree, grand larceny in the first degree and four counts of assault in the second degree, upon a jury verdict, and imposing sentence; and Chandler and Hatcher also appeal from an order of the same court, entered August 8, 1968, which denied their motion for a new trial and for *coram nobis* relief. Appeals from the order dismissed as academic in view of the determination herewith of the appeals from the judgments. Judgments reversed, on the law and as to appellant Bell also in the interests of justice, and new trial ordered. The findings of fact below are affirmed. The judgments against appellants Jackson, Hatcher and Chandler are reversed since their rights of confrontation were violated by the introduction of Bell's confession (*Bruton* v. *United States*, 391 U. S. 123). In his opening to the jury, the prosecutor stated that a detective would testify as to a statement given by Bell which implicated his codefendants, whom the prosecutor then named. When the detective took the stand to testify as to Bell's statement, the court ordered him, in the absence of the jury, to omit the names of the codefendants and to refer to them only as friends of Bell's. The detective them repeated Bell's confession, eliminating the names of the codefendants. In his summation, the prosecutor once more referred to Bell's statement and implied that the "friends" were the codefendants. It is apparent that, despite the trial court's attempt to accomplish an effective redaction of the confessing defendant's statement, the jury could not help but conclude that the "friends" of Bell

were in fact the codefendants. The effect of this, in view of the fact that Bell did not take the stand, was to violate the right of confrontation, under the Sixth Amendment, of Jackson, Hatcher and Chandler (*Bruton* v. *United States,* 391 U. S. 123, *supra; People* v. *Boone,* 22 N Y 2d 476; *People* v. *Jackson,* 22 N Y 2d 446; *People* v. *Baker,* 23 N Y 2d 307; *People* v. *Burrelle,* 21 N Y 2d 265). We are compelled, therefore, to order a new trial of Jackson, Hatcher and Chandler. The judgment against appellant Bell is reversed for failure of the trial court to charge that the witness Henry Davis was an accomplice as a matter of law and that, accordingly, his testimony had to be corroborated. Davis had testified in detail as to various activities involved in the crime. He had driven several defendants to Bell's house and then proceeded to drive them to the scene of the crime and back to Bell's house, where he became aware of the nature of the plot. With this knowledge Davis, despite his alleged statement that he wanted no part in the crime, continued to aid defendants by driving them out to the scene of the crime once again and returning to Bell's house, from whence he drove three of the defendants back to Brooklyn. Davis also accepted money from defendants for his activities. We are of the opinion that upon these facts the trial court was obligated to charge that Davis was an accomplice as a matter of law and not to leave that issue to the jury (*People* y. *Jackerson,* 247 N. Y. 36; *People* v. *Clougher,* 246 N. Y. 106; *People* v. *Zucker,* 20 App. Div. 363, affd. 154 N. Y. 770; *People* v. *Elbroch,* 250 App. Div. 583). In the absence of a charge that Davis' testimony had to be corroborated, we cannot be certain as to the jury's basis for convicting Bell. We are not certain whether the jury convicted Bell on his confession, on Davis' testimony, or on a combination of both. Not knowing what credit and weight the jury gave to the confession, we cannot say whether the jury would have returned a verdict of guilty if they had been charged that Davis' testimony had to be corroborated (*People* v. *Donovan,* 13 N Y 2d 148, 153). Accordingly, a new trial is required. Although no exception was taken to the failure to charge that Davis was an accomplice as a matter of law, in the interests of justice we order a new trial. In order to facilitate a new trial of appellants, we find the following: The search warrant obtained to search Chandler's apartment was properly obtained and the hearing court properly sustained the search and seizure. Bell's oral statement was not taken in violation of his rights under *Miranda* v. *Arizona* (384 U. S. 436), since at the time he voluntarily made his statement he was not in custody and under the facts it cannot be said that as a reasonable person he believed that he was deprived or restricted of his freedom of action (see *People* v. *R. N.,* 23 N Y 2d 963; *People* v. *Rodney P.* [*Anonymous*], 21 N Y 2d 1). Bell had voluntarily accompanied his wife to the police station despite an officer's statement that he need not come. He later interrupted the interrogation of his wife and spewed forth a statement implicating himself in the crime. We have examined all the other contentions raised by appellants and find them to be without merit or irrelevant in view of our determination herein. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.