THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ROBERT WYLER and GEORGE HAYES, Appellants.

First Department, November 18, 1971.

*Samuel W. Gilman* for George Hayes, appellant.

*Herald Price Fahringer* of counsel (*Lawrence A. Schulz* with him on the brief; *Lipsitz, Green, Fahringer, Roll, Schuller & James,* attorneys), for Robert Wyler, appellant.

*Daniel J. Sullivan* of counsel (*Dwight D. Darcy* with him on the brief; *Burton B. Roberts, District Attorney*), for respondent.

MURPHY, J. On May 30, 1968, James Owens, George Hayes, Robert Wyler and Victor Pearson met to discuss their differences and all concluded that Eugene Werts represented a problem to them. Werts had earlier hired Owens and Hayes for his own protection. "We were going to take him (Werts) out and beat him up", testified Owens. The four of them, all with loaded weapons, then proceeded to the bar where Werts was waiting. "I lured him out", said Owens. And to make it more realistic Hayes was holding his gun on Wyler in the back seat, and when Owens got in the front seat he held his gun on Pearson. Werts sat next to Owens in the front next to the door. After a short ride Werts was shot seven times and killed, and his body thrown out of the car. Owens wiped the blood off the front seat. The four of them then went back to Manhattan. The only witness to testify as to the homicide was Owens, and it was on his testimony that Hayes and Wyler were found guilty by a jury of murder (Penal Law, § 125.25, subd. 1), and thereafter sentenced to serve a term of not less than 20 years nor more than their natural life in State prison.

The status of Owens at the trial was that of an accomplice. The fact that Owens was not indicted for the murder of Werts is not controlling. What is controlling is that there is sufficient in the record to charge him either as a principal or an accessory. (See *People* v. *Jackson,* 247 N. Y. 36; *People* v. *White,* 26 N Y 2d 276; *People* v. *Bell,* 32 A D 2d 781.) Owens participated in the plan to kidnap Werts since it was he who lured Werts into the car for the purpose of feloniously assaulting him. All four were parties to this conspiracy and this plan was never abandoned by Owens. Owens was armed and even helped to clean up evidence of the crime. It was in furtherance of this conspiracy that Werts was killed. In *People* v. *Collins* (234 N. Y. 355, 361) the court said that "if by one conspirator that felony is actually committed or attempted, if in the course of it a person is killed, every conspirator is guilty of murder." The fact that Owens spoke only of beating Werts cannot control since as a conspirator it does not matter that he did not intend to murder. In *People* v. *Michalow* (229 N. Y. 325, 331) the court said: "the design to effect death is not an element of the crime. If in fact one did kill ' while engaged in the commission of a felony ' all are guilty of murder in the first degree."

Owens was an accomplice as a matter of law and accordingly there can be no conviction of Hayes and Wyler "unless he be corroborated by such other evidence as tends to connect the

defendant with the commission of the crime.'' (See Code Crim. Pro., § 399). In *People* v. *Kress* (284 N. Y. 452, 460) the court held that: '' The corroborative evidence to have any value must be evidence from an independent source of some material fact tending to show that defendant was implicated in the crime ''. The People concede that as to defendant Hayes there is nothing in the record to corroborate Owens' testimony. As to the defendant Wyler the corroboration of Owens relied on by the People is (1) the motive of Wyler for killing Werts, (2) the medical opinion which demonstrates the wounds could have been inflicted as Owens described it, (3) Wyler at the Cadillac dealer's disposing of floor mats, (4) Wyler's consciousness of guilt in denying involvement in a fight with Werts, and (5) Wyler's attempted alibi. Any one of the propositions cited or the aggregate are not corroboration tending to connect Wyler with the commission of the crime, but at best only bolster Owens' credibility. (See *People* v. *Nitzberg,* 287 N. Y. 183.)

In the charge the court left the issue of whether or not Owens was an accomplice to the jury and charged that if he was an accomplice only then would it be necessary that there be corroboration of his testimony. It was error to leave this issue to the jury. It was a question of law for the court to determine. We do not know what conclusion the jury came to on the evidence. Did they find Owens to be an accomplice and then find that there was corroboration, or did they find him not an accomplice, making corroboration unnecessary? We cannot tell on this record what the jury's determination was as to the status of Owens — accomplice or nonaccomplice. (*People* v. *Bell,* 32 A D 2d 781, *supra.*) In *People* v. *Doyle* (304 N. Y. 120) the trial court gave a similar charge as here, and the Court of Appeals reversed and ordered a new trial since there was no way to determine whether the jury found the complainant to be an accomplice or nonaccomplice even though the verdict would have been justified if he was a nonaccomplice. The same situation is presented here and for the same reasons a new trial is mandated on this part of the court's charge. The trial court should have determined as a matter of law that Owens was an accomplice and that corroboration was necessary. (See *People* v. *Jenner,* 29 N Y 2d 695.)

In view of the foregoing the balance of the appellants' arguments is rendered academic. The judgment should be reversed, on the law, as to both defendants and a new trial ordered.

378

STEVENS, P. J., CAPOZZOLI, KUPFERMAN and STEUER, JJ., concur.

Judgments, Supreme Court, Bronx County, rendered on October 29, 1969, unanimously reversed, on the law, and vacated, and a new trial directed.