Willard W. Cass, "Jr., J.
The defendants, William R. Hey and Thomas R. Anderson, are charged with the crime of obscenity in the second" degree, and the indictment reads as follows:
‘ ‘ the grand jury of the county OF CHAUTAUQUA, by this indictment, accuse the defendants, william r. hey, doing business under the assumed name and style of Carl’s News Room, and thomas r. anderson, of the offense of Obscenity in the Second Degree in violation of Section 235.05 of the Penal Law, committed as follows: The defendant, william r. hey, doing business under the assumed name and style of Carl’s News Room, at his place of business open to the public, located at 632 Bast Second Street in the City of Jamestown, on or about the 19th and 20th days of April, 1971, with knowledge of the char *156 acter and content thereof, with intent of offering the same for sale to the general public, promoted obscene material as follows:
“ The defendant, thomas b. aítoersoít, as agent or an employee of the defendant, William R. Hey, on or about the 19th day of April, 1971, at approximately 11:30 in the forenoon on that date, sold to one David Carr, for monetary consideration, four magazines that had been publicly displayed in said newsroom, containing pictures and written material depicting and dealing almost exclusively with male and female genitals and sexual acts, including sodomy and homosexuality, to wit: Sex, Quest and Query, Volume 1, Ño. 1, published by PanuPubCo; Response, Volume 1, No. 3, published by Academy Press; Pendulum, Volume 3, No. 2, published by Pendulum Publishers, Inc.; Party Time, published by Regency Publishing Company.”
The defense claims that the indictment is defective as to the defendant, Thomas R. Anderson, because it fails to contain any allegation that he knew the obscene nature of the publications.
Subdivision 1 of section 235.10 of the Penal Law states: “ A person who promotes or wholesale promotes obscene material, or possesses the same with the intent to promote or wholesale promote it, in the course of his business is presumed to do so with knowledge of its content and character.”
The statute provides that a person who promotes obscene material in the course of his business, is presumed to do so with knowledge of its content and character. In other words, even though “ knowledge ” is a necessary element of the claim of obscenity, that ‘‘ knowledge ’ ’ is presumed by the statute and therefore it need not be alleged in the indictment.
The defendant also contends that the indictment is void for duplicitousness. He claims that the single count in this indictment alleging an “ obscenity offense ” refers to four items and if the indictment is allowed to stand, it would be possible for the prosecution to fail in their proof respecting all but one of the items and still obtain a conviction under the indictment.
He also argues that under the count in this indictment as presently written, if the defendants are found guilty it would be impossible to determine whether a decision was based on obscenity of one, two, three or all four of the publications. The defendant claims that the only way this result can be avoided is to hold that the promotion of each magazine constitutes a separate crime and must be contained in a separate count in the indictment.
OPL 200.30 (subd. 1) provides: “ Each count of an indictment may charge one offense only.”
*157 CPL 200.30 (subd. 2) states: “ For purpose of this section, a statutory provision which defines the offense named in the title thereof by providing, in different subdivisions or paragraphs, different ways in which such named offense may be committed, defines a separate offense in each such subdivision or paragraph, and a count of an indictment charging such named offense which, without specifying or clearly indicating the particular subdivision or paragraph of the statutory provision, alleges facts which would support a conviction under more than one such subdivision or paragraph, charges more than one offense.”
The Practice Commentary by Richard Gr. Denzer after section 200.30 of the CPL (McKinney’s Cons. Laws of 1ST. Y., Book 11A, CPL) does not shed a great deal of light on the subject. Mr. Denzer does try to explain the operation of this section by the following example: ‘ ‘ The operation of the section may be illustrated by considering the first degree rape statute (Penal Law § 130.35) which, in different subdivisions, renders one guilty of that crime who has sexual intercourse with a female either ‘ by forcible compulsion ’ (subd. 1) or when the female is a child ‘ less than eleven years old ’ (subd. 3). A count of an indictment charging that the defendant had intercourse with a child less than eleven years old by forcible compulsion would, pursuant to the instant section, charge two crimes and, hence, would be defective.”
The indictment, after defining the offense named in the title thereof, does not provide “ different ways in which such named offense may be committed ’ ’. It appears to this court that the indictment only charges one offense within the meaning of OPL 200.30 (subd. 2).
It is, therefore, the opinion of this court that the motion to dismiss the indictment should be denied.