■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS POTWORA, Appellant.—Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant appeals from a judgment of conviction entered upon a jury verdict which found him guilty of obscenity in the first degree. At trial the prosecution's case was based primarily upon the testimony of two bookstore owners, at least one of whom unequivocally connected defendant with the wholesale promotion of certain publications. Although requested by defendant, the trial court refused to charge that these witnesses were, in fact, accomplices of defendant and that as such their testimony had to be independently corroborated. The court was correct in finding that the witnesses were not accomplices under the criterion established in CPL 60.22 (subd 2, par [a]), since, as retailers, they could not have participated in the crime of wholesale promotion. However, it was incorrect in ruling that they were not accomplices as a matter of law under CPL 60.22 (subd 2, par [b]). On the facts adduced at trial, they could reasonably be considered to have participated in obscenity in the second degree, an "offense based upon the same or some of the same facts or conduct which constitute the offense charged" (CPL 60.22, subd 2, par [b]; *People v Malizia*, 4 NY2d 22; *People v Showalter*, 33 Misc 2d 110). The fact that each was an accomplice of defendant, however, does not mean that the testimony of one could not corroborate that of the other *(People v Chamberlain*, 38 AD2d 306). Nevertheless, since we do not know on appeal what testimony formed the basis for the jury's determination, the refusal to charge the accomplice and corroboration requirements constitutes reversible error *(People v Diaz*, 19 NY2d 547, 550). On remand to the county court, the jury should be instructed that if these witnesses are found to be accomplices to defendant in wholly unrelated crimes (see *People v Chamberlain, supra),* then, absent a finding that they are also accomplices to each other, the testimony of one may corroborate that of the other. Defendant's contention that the indictment was defective is without merit. Although it listed the 14 publications allegedly wholesale promoted, it was not duplicitous in that it charged but one offense *(People v Nicholas*, 35 AD2d 18; *People v Hey*, 71 Misc 2d 155). In light of our holding in this case, we do not reach defendant's other assignments of error. (Appeal from judgment of Erie County Court convicting defendant of obscenity, first degree.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.

■ JOYCE A. STRAIT, by Her Parent and Natural Guardian, JAMES H. STRAIT, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 57422-A.)—Judgment unanimously affirmed, with costs to claimant, on the opinion at the Court of Claims, DeIorio, J. (Appeals from judgment of Court of Claims in claim for damages for negligence.) Present—Moule, J. P., Cardamone, Mahoney, Goldman and Witmer, JJ.