■ In the Matter of ROBERT THOMPSON, Respondent-Appellant, v CITY MANAGER OF THE CITY OF YONKERS et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the City Manager of the City of Yonkers which, after a hearing, found petitioner guilty of certain misconduct and dismissed him from his position, the parties cross-appeal from a judgment of the Supreme Court, Westchester County, dated March 14, 1979, which, inter alia, modified the determination by reducing the penalty imposed. Judgment modified, on the law, by (1) deleting the first decretal paragraph thereof, (2) deleting from the second decretal paragraph thereof the words "in all other respects", and (3) adding thereto a provision dismissing the proceeding on the merits. As so modified, judgment affirmed, without costs or disbursements. The penalty of dismissal directed by the city manager, after a hearing pursuant to section 75 of the Civil Service Law, was not so "shocking to one's sense of fairness" as to require judicial interference with the administrative determination, which is supported by substantial evidence on the whole of the record. (See Matter of Pell v Board of Educ., 34 NY2d 222, 233; Matter of Joshua v McGrath, 35 NY2d 886; Matter of Bal v Murphy, 55 AD2d 26, affd 43 NY2d 762; Matter of La Rosa v Police Dept. of City of N. Y., 55 AD2d 890.) Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK L. COHEN, Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 20, 1979, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and conspiracy in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The facts upon which the convictions were based have not been considered. Derek Elms, who testified for the prosecution, had been indicted for the same crimes with which defendant was charged, and was named as a coconspirator in the indictment against defendant. As such, he was an accomplice as a matter of law (see People v Korjus, 54 AD2d 720), so that his testimony had to be corroborated (see CPL 60.22), and the trial court erred in allowing the jury to decide whether he was an accomplice (see People v Bell, 32 AD2d 781). An error such as this is necessarily harmful (see People v Minarich, 46 NY2d 970; People v Jenner, 29 NY2d 695), and requires a reversal. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.