■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CALANDRO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Intemann, J.), rendered January 16, 1985, convicting him of grand larceny in the second degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court,

Westchester County, for resentencing in accordance herewith and for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's position, we conclude that the trial court did not err in failing to charge the jury that two of the prosecution witnesses, Leslie Smith and Nicholas Calandro, were accomplices as a matter of law. In the first instance, we note that the defendant failed to preserve this issue of law for appellate review. After the prosecution rested, the defense counsel moved to dismiss on the ground that both Smith and Calandro were accomplices as a matter of law and their testimony had not been sufficiently corroborated. The motion was denied. Thereafter, the court informed counsel of its intent to charge the jury that the issue of whether Smith and Calandro were accomplices in the charged crimes was an issue of fact for the jury to determine. The defense counsel objected and argued specifically that the court treat Calandro as an accomplice as a matter of law. At that point, the trial court reserved final decision on Calandro's status and requested both sides to submit written requests to charge the following morning. The next day, the defense counsel submitted a written request to charge in which he set forth the accomplice issue as to both Smith and Calandro as a question of fact for the jury.

The trial court ultimately charged the jury, in accordance with defense counsel's request, that they were to determine whether Smith and Calandro were accomplices in the charged crimes. The defendant's only objection to the charge was in the form of a request that the court further charge the jury that one may be an accomplice if his participation came at the very end of the criminal act. The court denied this request.

It is clear that the defendant's claim that Smith should have been considered an accomplice as a matter of law has not been preserved for appellate review, since defense counsel never requested such a charge as to Smith nor objected to its absence (see, CPL 470.05 [2]). Additionally, with respect to the defendant's claim that the jury should have been instructed that Calandro was an accomplice as a matter of law, the argument is similarly unpreserved for review. Although the defendant initially orally requested that this charge be given, his subsequent written request to charge did not contain such a request nor was an objection taken to the court's final jury charge on this basis. Significantly, the jury charge was in accordance with the defense counsel's written request to charge. In view thereof, the defendant's claim that Calandro should have been considered an accomplice as a matter of law

was waived *(see, e.g., People v Whalen,* 59 NY2d 273, 280; *People v La Bombard,* 99 AD2d 851, 853).

In any event, based on the facts of this case, we conclude that the question of whether or not Smith and Calandro were accomplices was an issue of fact and thus properly submitted to the jury for its consideration *(see, People v Cobos,* 57 NY2d 798).

Finally, we note that the defendant must be resentenced since the sentencing court herein failed to impose sentence separately as to each count upon which the defendant was convicted *(see, People v Benoit,* 115 AD2d 608; *People v Charles,* 98 AD2d 780). Mollen P. J., Brown, Weinstein and Rubin, JJ., concur.