■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY MISTRETTA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered October 14, 1987, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and codefendant, Sammy Napolitano, were jointly tried on charges stemming from the death of Michael Anaya and the wounding of his stepbrother, Richard Ganser, at the Motion Lounge in Brooklyn on November 27, 1984. At trial, Ganser testified that an argument broke out between himself, Anaya and the defendants in the bathroom of the lounge. The argument continued as the parties entered the bar area, at which time Ganser observed the codefendant shoot Anaya. Anaya fell to the floor and the codefendant shot him a second time. When Ganser attempted to aid his mortally wounded brother, the codefendant passed the gun to the defendant, who shot Ganser in the arm and Anaya in the neck. As they were exiting the bar, the defendant turned to the bartender, who had witnessed the shooting, and stated "[y]ou give us away, and I'll kill you". To this, the codefendant added: "You didn't see nothing, right?".

Although the defendant contends, on appeal, that the evidence was insufficient to support the verdict, we find that the evidence, when viewed in a light most favorable to the prosecution, was legally sufficient to support the convictions. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant points to certain inconsistencies in the testimony of Richard Ganser and claims that his testimony should be deemed incredible as a matter of law. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury and we see no reason to disturb its findings *(see, People v Davis,* 113 AD2d 951, *lv denied* 67 NY2d 650; *People v Andrews,* 112 AD2d 1002; *People v Di Girolamo,* 108 AD2d 755, *lv denied* 64 NY2d 1133).

The defendant additionally claims that his constitutional right of confrontation was violated by the introduction into evidence of the admission of the nontestifying codefendant. The record reveals that the codefendant had telephoned a friend, shortly after the incident, and admitted that he had "had a fight in the club" and that "[s]omebody got hurt". The defendant suggests that the error in introducing this testimony was compounded by the trial court's failure to provide limiting instructions to the jury and by the prosecutor's reference to this testimony during summation.

Initially we note that the defendant has failed to preserve these claims for appellate review (see, CPL 470.05 [2]; *People v Walker,* 71 NY2d 1018; *People v Russell,* 71 NY2d 1016). In any event, while we recognize that the admission of the pretrial statement of the nontestifying codefendant was improper (see, *Cruz v New York,* 481 US 186, *on remand* 70 NY2d 733; *Bruton v United States,* 391 US 123; *People v Wheeler,* 62 NY2d 867), under the circumstances, the error was harmless beyond a reasonable doubt (see, *People v Hamlin,* 71 NY2d 750; *People v Crimmins,* 36 NY2d 230; *People v Larmond,* 139 AD2d 668). The argument which led to the shooting was witnessed by Ganser as well as the bartender. The defendant's fingerprints were found on a glass on top of the bar. Ganser was able to provide a detailed description of the roles played by each defendant during the course of events which culminated in the shootings, and he identified the defendant at a lineup and, again, in court. We, therefore, conclude that the outcome of this case would not have been altered had the trial court excluded the statement of the nontestifying codefendant, which did not even implicate the defendant by name.

Finally, we see no reason to disturb the sentence imposed. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.