■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUJENEE POYWING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 24, 1986, convicting her of burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

At trial, the defendant moved for a severance of her trial from that of her codefendants on the ground that the admission of her codefendants' oral and videotaped confessions,

which implicated her in the crimes, would constitute a violation of her right to confront and cross-examine witnesses. The court denied the motion. The codefendants did not testify at trial and consequently the admission of their confessions constituted error under the principles enunciated in *Bruton v United States* (391 US 123) and *Cruz v New York* (481 US 186; see also, *People v Hamlin*, 71 NY2d 750).

We find no merit to the People's contention that this error was harmless. The defendant's trial strategy was to impugn the voluntariness, accuracy and existence of her statements based upon the fact that she neither signed the detective's notes purporting to be her confession nor made a subsequent videotaped statement *(see, People v Velasquez*, 143 AD2d 956; *People v Martin*, 139 AD2d 599, *lv denied* 72 NY2d 862). As such, the defendant took the stand and repeatedly denied that she participated in the incident. Moreover, the defendant's own statement was less inculpatory with respect to her part in the crimes than the confessions of the codefendants *(see, People v Di Nicolantonio*, 140 AD2d 44). In addition, the objective evidence unrelated to the defendant's statement which is probative of her part in the crimes is less than overwhelming. Therefore, it cannot be said beyond a reasonable doubt that there is no possibility that the admission of the codefendants' statements contributed to the conviction of the defendant *(see, People v Hamlin*, 71 NY2d 750, *supra; People v Di Nicolantonio*, 140 AD2d 44, *supra)*.

In light of our disposition of this issue, we decline to address the defendant's remaining contentions. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.