■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR POYWING, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 24, 1986, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his statement to law enforcement officials should have been suppressed as the fruit of an unlawful arrest is without merit. The evidence amply supports the hearing court's determination that the defendant voluntarily accompanied the detectives to the 107th Precinct and remained free to leave until probable cause to arrest existed *(see, People v Yukl,* 25 NY2d 585). At that point he was given the *Miranda* warnings and voluntarily waived his rights. Thus the statement subsequently made by him was properly admitted into evidence.

This court has already determined upon the defendant's sister's appeal that the admission into evidence of the codefen-

dant Biggerstaff's confession at the joint trial at which Biggerstaff did not testify constituted error under the principles enunciated in *Bruton v United States* (391 US 123) and *Cruz v New York* (481 US 186); *(People v Poywing,* 150 AD2d 810). However, unlike the situation with respect to the defendant's sister, the evidence of his guilt was overwhelming and there exists no reasonable possibility that the jury would have acquitted him but for the admission of Biggerstaff's confession. Accordingly, we find that with respect to the defendant this error was harmless beyond a reasonable doubt *(see, People v DiNicolantonio,* 140 AD2d 44, *affd* 74 NY2d 856, *on opn of Spatt, J., at App Div; People v Hamlin,* 71 NY2d 750; *People v Mistretta,* 147 AD2d 661).

Finally, the defendant's contention that the trial court erred in failing to give an accomplice charge *(see,* CPL 60.22) with respect to the testimony of Eujenee Poywing and Kim Polite is unpreserved for appellate review *(see, People v Calandro,* 127 AD2d 675), and we conclude that reversal in the interest of justice is not warranted *(see, People v Brooks,* 34 NY2d 475; *People v Cefaro,* 21 NY2d 252; *cf., People v Diaz,* 19 NY2d 547; *People v Ramos,* 68 AD2d 748).

We have considered the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Eiber and Spatt, JJ., concur.