■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BIGGERSTAFF, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered November 24, 1986, convicting him of murder in the second degree and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We have already concluded on the appeal of the codefendant Eujenee Poywing that the admission of the pretrial statement of the nontestifying codefendant Victor Poywing was error under the principles enunciated in *Bruton v United States* (391 US 123) and *Cruz v New York* (481 US 186, *on remand* 70 NY2d 733; *see, People v Poywing,* 150 AD2d 810; *People v Poywing,* 155 AD2d 561). However, we find that there is no reasonable possibility that the jury would have acquitted this defendant had the codefendant Victor Poywing's statement not been admitted *(see, People v Hamlin,* 71 NY2d 750; *People v Crimmins,* 36 NY2d 230; *People v Mistretta,* 147 AD2d 661). In making this assessment the defendant's own confession may be considered *(People v Ortiz,* 137 AD2d 727; *People v Reed,* 136 AD2d 577). The defendant's statement explained his role as a full partner in the robbery, which resulted in the victim's death (Penal Law § 125.25 [3]). This statement was corroborated by the recovery of the property taken during the robbery, including a typewriter the defendant had pledged in his own name at a pawnshop. In addition to the defendant's own inculpatory statement, the codefendant Eujenee Poywing, who did testify, also implicated the defendant in the robbery. Moreover, a prosecution witness, Kim Polite, also testified as to the defendant's admissions and corroborated the defendant's statement as to the disposal of the property taken during the robbery.

The defendant's further contention that the trial court erred in failing to give an accomplice charge *(see,* CPL 60.22) with respect to the testimony of Eujenee Poywing and Kim Polite is unpreserved for appellate review *(see, People v Calandro,* 127 AD2d 675), and we conclude that reversal in the exercise of our interest of justice jurisdiction is not warranted *(see, People v Brooks,* 34 NY2d 475; *People v Cefaro,* 21 NY2d 252; *People v Poywing,* 155 AD2d 561, *supra; cf., People v Diaz,* 19 NY2d 547; *People v Ramos,* 68 AD2d 748).

We have considered the defendant's remaining contentions

and find them to be without merit. Brown, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.